UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES BATTLE,

    Plaintiff,

v.                                         Case No. 3:22-cv-929-MMH-JBT

LT. WATSON, et al.,

    Defendants.

## ORDER

Plaintiff James Battle, an inmate in the custody of the Florida Department of Corrections, initiated this action on August 26, 2022, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1)[1] pursuant to 42 U.S.C. § 1983. In the Complaint, Battle presents claims against the following Defendants in their individual and official capacities: (1) Lieutenant Watson; (2) Officer Reed; (3) Officer Jenkins; (4) Officer Scott; (5) Officer Wiggins; (6) Captain Brown; and (7) Lieutenant Durborw. He alleges Defendants violated the Eighth Amendment when they used excessive force during a cell extraction at Union Correctional Institution on July 28, 2022. Battle requests compensatory and punitive damages. This matter is before the

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

Court on Defendants' Motion to Dismiss (Motion; Doc. 15). Battle filed a response in opposition to the Motion. See Response (Doc. 16). As their sole ground for relief, Defendants contend they are entitled to Eleventh Amendment immunity to the extent Battle seeks monetary damages against them in their official capacities.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well-settled that, in the absence of consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Papasan v. Allain, 478 U.S. 265, 276 (1986) (quotation marks and citation omitted). The Eleventh Amendment also prohibits suits against state officials where the state is the real party in interest, such that a plaintiff could not sue to have a state officer pay funds directly from the state treasury for the wrongful acts of the state. Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). In Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam), the Eleventh Circuit noted:

> It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45, 99 S.Ct. 1139, 1144-45, 59 L.Ed.2d 358 (1979). Furthermore, after reviewing specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages. See Gamble,[2] 779 F.2d at 1513-20.

Accordingly, in Zatler, the court found that the Secretary of the Florida Department of Corrections was immune from suit in his official capacity. Id. Here, the Eleventh Amendment bars suit to the extent Battle seeks monetary damages from Defendants in their official capacities. Therefore, Defendants' Motion is due to be granted on that basis.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendants' Motion to Dismiss (Doc. 15) is **GRANTED** as to Battle's claims for monetary damages against Defendants in their official capacities. Battle's claims against Defendants in their individual capacities will proceed.

---

[2] Gamble v. Fla. Dep't of Health & Rehab. Serv., 779 F.2d 1509 (11th Cir. 1986).

2.  Defendants shall respond to the Complaint (Doc. 1) **no later than May 1, 2023**. Upon the filing of Defendants' answers, the Court, by separate Order, will set deadlines for discovery and the filing of dispositive motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of March, 2023.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 3/8
c:  James Battle, #W55181
    Counsel of record

4